**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**UNITED STATES OF AMERICA**                               **CRIMINAL ACTION**

**VERSUS**

**JOSHUA FIRMIN**                                          **NO. 25-63**

## ORDER AND REASONS

Before the Court are the parties' briefs regarding the unanimity of theory requirements pertinent to Count 2 of the Indictment.[1] Count 2 of the Indictment alleges that on or about February 29, 2024, Defendant Joshua Firmin ("Firmin") knowingly falsified and made a false entry in a record and document, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the United States Department of Justice Office of Inspector General, in violation of 18 U.S.C. § 1519.[2] Specifically, Count 2 alleges that Firmin:

> wrote a narrative report as part of a United States Marshals Service Field Operational Report regarding a use of force against Victim 1, in which he falsely states (1) that Victim 1 had attempted to spit on Firmin, and (2) that Victim 1's head struck a cell door when Victim 1 "jerked" while being escorted by Firmin. In fact, as Firmin then well knew, (1) Victim 1 had not attempted to spit on Firmin, and (2) Victim 1's head had struck a wall when Firmin pushed him forcefully against it.[3]

The parties dispute whether the jury must agree unanimously as to which of the two alleged false

---

[1] Rec. Docs. 63, 66.

[2] Rec. Doc. 1 at 2.

[3] *Id.*

entries specified in the Indictment was, in fact, false.[4]

The United States' proposed instruction 17 states, in pertinent part:

The Indictment charges the defendant with including two false statements in his narrative report. The government does not have to prove both of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. In order to return a guilty verdict on this count, all twelve of you must agree that the government has proven all of the elements; however, you need not all agree that the same false statement was proved.[5]

Firmin proposes the alternative instruction, which he titles instruction 17(a):

Count 2 of the indictment accuses the defendant of committing the crime of Falsification of Records in two ways. The first is that the defendant falsely stated in his United States Marshals Service Field Operational Report that alleged Victim 1 had attempted to spit on him. The second is that the defendant falsely stated in his United States Marshals Service Field Operational Report that alleged Victim 1's head struck a cell door when alleged Victim 1 "jerked" while being escorted by defendant and alleged Victim 1's jerking is what caused alleged Victim 1's bodily injury. The government does not have to prove both of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved. All of you must agree that the government proved beyond a reasonable doubt that the defendant falsely stated in his United States Marshals Service Field Operational Report that alleged Victim 1 had attempted to spit on him; or, all of you must agree that the government proved beyond a reasonable doubt that the defendant falsely stated in his United States Marshals Service Field Operational Report that alleged Victim 1's head struck a cell door when alleged Victim 1 "jerked" while being escorted by defendant and alleged Victim 1's jerking is what caused alleged Victim 1's bodily injury.[6]

The Constitution requires that jurors unanimously agree that the government proved all the elements of an offense.[7] The jury "need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means

---

[4] Rec. Docs. 63, 66.

[5] Rec. Doc. 44 at 25.

[6] Rec. Doc. 46 at 4.

[7] *Richardson v. United States*, 526 U.S. 813, 816–17 (1999).

2

the defendant used to commit an element of the crime."[8] "The crucial distinction is thus between a fact that is an element of a crime and one that is but the means to the commission of an element."[9] In *Richardson*, the Supreme Court provided a hypothetical that helps in understanding these principles:

> Where, for example, an element of robbery is force or the threat of force, some jurors might conclude that the defendant used a knife to create the threat; others might conclude he used a gun. But that disagreement—a disagreement about means—would not matter as long as all 12 jurors unanimously concluded that the Government had proved the necessary related element, namely, that the defendant had threatened force.[10]

The Fifth Circuit has not considered whether the individual false statements within a document or record constitute elements of a charged offense under Section 1519 or means of committing a single element. However, the Sixth and Third Circuits have both held that the individual false statements are means of committing a single element. In *United States v. Schmeltz*, the Sixth Circuit reasoned that "[j]urors could [] disagree about what Schmeltz omitted from the reports while unanimously agreeing on the ultimate issue: that Schmeltz knowingly falsified his Corrections Officer Report with the intent to impede a federal investigation."[11] The court also explained that "[t]he 'falsifies' clause of § 1519 was . . . intended to punish the falsification of a document, rather than specific statements or omissions within a document."[12] Accordingly, [the defendant] could violate § 1519 once—and no more than once—by falsifying [a single] ... report

---

[8] *Id.* at 817.

[9] *United States v. Talbert*, 501 F.3d 449, 451 (5th Cir. 2007) (quoting *United States v. Verrecchia*, 196 F.3d 294, 299 (1st Cir. 1999)).

[10] *Richardson*, 526 U.S. at 817.

[11] *United States v. Schmeltz*, 667 F.3d 685, 688 (6th Cir. 2011).

[12] *Id.*

with his omissions."[13] In *United States v. Gray*, the Sixth Circuit reaffirmed its holding in *Schmeltz* reasoning that "it is the falsification, not the means by which that falsification is achieved, that is an element of 18 U.S.C. § 1519."[14] In *United States v. Moyer*, the Third Circuit adopted this same reasoning and concluded "that the statute does not require the government to charge separate counts for each false entry in a document."[15]

Firmin relies on *United States v. Holley*, a case where the defendant was charged with two counts of perjury, with each count alleging multiple separate false statements.[16] The Fifth Circuit reversed the conviction because the jury instruction given by the district court did not "require that all of the jurors concur in the knowing falsity of at least one particular statement."[17] The Fifth Circuit concluded that "there was a reasonable possibility that the jury was not unanimous with respect to at least one statement in each count."[18]

In *Holley*, the defendant was charged with perjury, which required the government to prove: (1) that the testimony was given while the defendant was under oath; (2) that such testimony was false; and (3) that the defendant knew such testimony was false.[19] There, the perjury charge could penalize each specific statement, and "[t]he government was required to prove dissimilar

---

[13] *Id.*

[14] *United States v. Gray*, 692 F.3d 514, 520 (6th Cir. 2012).

[15] *United States v. Moyer*, 674 F.3d 192, 204 (3rd Cir. 2012).

[16] *United States v. Holley*, 942 F.2d 916, 929 (5th Cir. 1991). The Court notes that the Fifth Circuit's decision in *Holley* predates the Supreme Court's decision in *Richardson*.

[17] *Id.*

[18] *Id.*

[19] *Id.*

facts to show the knowing falsity of each statement."[20] Here, Firmin is charged with falsification of a report. He could have violated Section 1519 "once—and no more than once—by [allegedly] falsifying" the report.[21] Jurors could disagree about which statement in the report was false "while unanimously agreeing on the ultimate issue: that [Firmin] knowingly falsified his [United States Marshals Service Field Operational Report] with the intent to impede a federal investigation."[22] Accordingly,

    **IT IS HEREBY ORDERED** that the Court adopts the government proposed instruction 17 and declines to give Firmin's proposed instruction 17(a).

    **LAFAYETTE, LOUISIANA**, this __15th__ day of April, 2026.

                                    **NANNETTE JOLIVETTE BROWN**
                                    **UNITED STATES DISTRICT JUDGE**

---

[20] *Id.* at 928.

[21] *Schmeltz*, 667 F.3d at 688.

[22] *Id. See also United States v. Nanda*, 867 F.3d 522, 529 (5th Cir. 2017) (rejecting argument "that the district court should have instructed the jury that it had to be unanimous as to the specific false statements in each particular wire" because "[i]t is not a particular false statement within a wire, but rather each particular wire that contained a false statement, that constitutes an individual offense for purposes of the wire fraud statute" and concluding that "there is no need to instruct a jury that it needs to be unanimous as to a particular false statement within a given wire").